TYLER *versus* HOLMES.

Where the *owner* of a vessel contracted in writing to sell and convey her to certain persons upon the payment of a sum stipulated, and thereupon ceased to exercise any control over her in the appointment of her master, or in directing her employment, and did not receive her earnings; *he* is not liable for money advanced on the request of the *master*, to pay for necessary repairs.

Tyler v. Holmes.

On Report from *Nisi Prius*, Rice, J., presiding.

Assumpsit to recover eighty-five dollars advanced to pay for certain repairs made on the schooner "Nidus," at the request of the master.

The vessel received damage by coming in collision with another within five or six miles of Boston, and it was necessary to repair, and the money was advanced by plaintiff to pay the necessary bills.

The defendant appeared by the records in the Custom House to be the sole owner.

A contract between the defendant and Joseph P. Hardy and others, made in April, 1846, under seal, was introduced, wherein the former agreed to sell, and the latter to purchase the vessel for a certain sum; and after that contract the possession and control of the vessel passed into their hands, and the master sailed her on shares.

After the evidence was all out, the cause was withdrawn from the jury and submitted to the decision of the full Court, to enter a default or nonsuit as the law would authorize.

*Hubbard*, for defendant.

*Dickerson*, for plaintiff.

Shepley, C. J. — The defendant having received a bill of sale of the schooner Nidus from her owners, made a written contract on April 11, 1846, to convey her to Joseph P. Hardy, William Holmes, Horace F. Holmes and Benjamin Smith, upon payment of their notes to him for $1950.

The persons, who thus contracted to purchase her, and those claiming under them, appear to have had the exclusive possession and control of her from that time, appointing her masters, directing her employment, receiving her earnings, and conducting in all respects as her owners, until after the plaintiff, at the request of her master, advanced money to him to pay certain bills for repairs.

The case of *Cutler* v. *Thurlo*, 20 Maine, 213, is deci-

sive against the plaintiff's right to maintain a suit to recover of the defendant under such circumstances.

*Plaintiff nonsuit.*

TENNEY, HOWARD, APPLETON and HATHAWAY, J. J., concurred.